UNITED STATES DISTRICT COURT    JUDGE SWEET    **14 CV    6676**
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

CHARLES S. PLATKIN,                          :    Civil Action No.
an individual                                :
                                             :    **COMPLAINT FOR FEDERAL,**
                        Plaintiff,           :    **STATE, AND COMMON LAW**
                                             :    **TRADEMARK INFRINGMENT**
            -against-                        :    **AND DILUTION, UNFAIR**
                                             :    **COMPETITION, FALSE**
                                             :    **DESIGNATION OF ORIGIN, AND**
GOOP, INC.                                   :    **UNFAIR BUSINESS PRACTICE**
a Delaware Corporation                       :
                                             :
                        Defendant.           :    **JURY TRIAL DEMANDED**

--------------------------------------------------------------X

Plaintiff Charles S. Platkin (hereinafter, "Plaintiff"), by and through its undersigned

counsel, for its complaint against Defendant GOOP, Inc., a Delaware Corporation with an office

at 200 Park Avenue South, 8th Floor, New York, NY 10003, states and alleges the following:

## NATURE OF ACTION

1.    This is an action for trademark infringement and false designation of origin under the

Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1050 *et seq.*), trademark

infringement under N.Y. GEN. BUS. LAW §360, *et seq.*, trademark dilution under Lanham Act

15 U.S.C. §1125(C), trademark dilution under N.Y. GEN. BUS. LAW. §360-L, false

designation of origin under Lanham Act 15 U.S.C. §1125(A), unfair business practices under

N.Y. GEN. BUS. LAW §349, injury to business reputation; and unfair competition under N.Y.

GEN. BUS. §360-L, and common law trademark infringement and unfair competition from

Defendant's deliberate and unconscionable actions in infringing on Plaintiff's trademarks,

including Plaintiff's famous mark THE DIET DETECTIVE and related marks within Plaintiff's

THE DIET DETECTIVE family of marks, by reproducing, infringing upon and diluting

Plaintiff's THE DIET DETECTIVE trademark, in a manner that infringed upon Plaintiff's THE

DIET DETECTIVE mark and made willful, unauthorized use of said marks in a calculated

effort by Defendant to enrich itself through unauthorized use of Plaintiff's intellectual property.

2.    In so doing, Plaintiffs have been grievously injured by Defendant's infringements, as they have been undertaken without Plaintiff's permission, and without his control, and in a manner that dilutes and tarnishes the valuable image associated with Plaintiff's marks, brand, work and intellectual property.

## THE PARTIES

3.    Plaintiff Charles S. Platkin is an individual residing at 17 East 17th Street, 4th Floor, New York, NY 10003 and is the founder, owner and editor-in-chief of a syndicated health, nutrition, and fitness column and website, named "The Diet Detective," which is also located at http://www.DietDetective.com. Plaintiff, under the trademark THE DIET DETECTIVE is one of the United States' leading nutrition and public health advocates is a health expert and blogger featured on Everydayhealth.com, Active.com, Fitnessmagazine.com, and has been quoted as a health expert in thousands of publications, including USA Today, the Los Angeles Times, the Chicago Tribune, Oprah, Time, Newsweek, Ladies Home Journal, Men's Health, Shape, Self and Fitness. He has also appeared on NBC's The Today Show, ABC News Nightline, National Public Radio, CNN, CNBC, CBS's The Early Show, the BBC, and others.

4.    Upon information and belief, Defendant GOOP, Inc. ("Goop" or "Defendant") is a Delaware corporation that transacts and engages in business and business relationships in New York State, and has a New York State office located at 200 Park Avenue South, 8th Floor, New York, NY 10003. Upon information and belief, Defendant is an unauthorized foreign corporation operating within the State of New York, County of New York.

5.    Upon information and belief, Defendant is a digital media and e-commerce company founded by Gwyneth Paltrow. Defendant owns and operates the website http://www.goop.com ("Goop Website"), which serves as a commercial and editorial publication that curates and creates content on topics including food, nutrition, recipes, travel guides, fashion, wellness tips, cultural notes and more.

6.    Upon information and belief, Goop regularly transacts business in New York State in the County of New York, has and during the time of this matter has had an office in New York.

## JURISDICTION AND VENUE

7.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 (federal question), 1338(a) (acts of Congress relating to trademarks), and 1338(b) (pendent unfair competition claims) as well as pursuant to 15 U.S.C. §1121 (original jurisdiction of all actions arising under Lanham Act). This Court has supplemental jurisdiction over the asserted state tort claims pursuant to 28 U.S.C. §1367(a).

8.    This Court has general personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §301 because, although an unauthorized foreign corporation, the Defendant has and continues to do business within the State of New York by maintaining a permanent and continuous corporate activity through an office located at 200 Park Avenue South, 8th Floor, New York, NY 10003 in New York County. This Court also has specific personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §302(a)(1) in that Defendant operates, conducts, engages in, transacts act business in, and carries on a business or business venture in New York, or has an office or agency in New York.  This Court also has specific personal

jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §302(a)(1) in that Defendant has committed tortious acts in New York.

9.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1391(c) as the Defendant is subject to the Court's personal jurisdiction and, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

**FACTS**

10.  Plaintiff is well-known and well-regarded for his information and expertise in nutrition, fitness and health, and for providing a resource with thousands of original articles on subjects ranging from beginner athletics to in-depth analyses of exercise equipment and from popular low-calorie food choices to informative breakdowns on nutrients, disease prevention and the importance of a balanced diet.

11.  Plaintiff, under THE DIET DETECTIVE and THE DIET DETECTIVE'S trademarks, has been quoted as a health expert in thousands of publications, including *USA Today,* the *Los Angeles Times,* the *Chicago Tribune, Oprah, Time, Newsweek, Ladies Home Journal, Men's Health, Shape, Self* and *Fitness.* He has also appeared on NBC's The Today Show, ABC News *Nightline*, National Public Radio, CNN, CNBC, CBS's The Early Show, the BBC, and others. Plaintiff was the host of WE TV's series, "I Want to Save Your Life". Plaintiff is a member of the American Society for Nutritional Sciences, The American Obesity Association, The North American Association for the Study of Obesity, Society for Public Health Education, Society for Nutrition Education, The American Public Health Association, Sigma Xi (Scientific Research Society), The Delta Omega Honorary Society in Public Health and the American

4

Council on Exercise. Plaintiff received his undergraduate degree from Cornell University, a law degree from Fordham University, and both a Masters in Public Health, and a Ph.D. in Public Health from Florida International University. Plaintiff is also a certified personal trainer and a Distinguished Lecturer at the Hunter College School of Urban Public Health and the CUNY School of Public Health in New York City.

12.   Plaintiff is the author of seven books. His first book, "Breaking the Pattern" was a bestseller in hardcover; it has been used by addiction clinics to assist patients with resolving drug and alcohol-related issues and by more than 20 universities around the country as a text to teach behavioral change techniques to nutrition and dietetic counseling students. *The Diet Detective's Count Down* (Simon and Schuster, 2007), *The Diet Detective's Calorie Bargain Bible* (Simon and Schuster, 2008), *The Diet Detective's Diet Starter Kit* (Diversion, 2011), and *The Diet Detective's All American Diet* (Rodale, 2012). Plaintiff is a co-founder and strategic adviser at Diversion Books (www.DiversionBooks.com), a leading eBook publisher.

### *Plaintiff's THE DIET DETECTIVE® Federal Trademark Registrations*

13.   Plaintiff owns various federal trademark registrations that are currently in good standing with the United States Patent and Trademark Office for the trademark THE DIET DETECTIVE and THE DIET DETECTIVE'S for various goods and services.

14.   Plaintiff is the owner of United States Trademark Registration No. 3,217,502, registered on March 13, 2007, for THE DIET DETECTIVE for "web site services featuring information in the fields of fitness and physical activity; web site services featuring personalized and

interactive self-help, information and guidance in the fields of fitness and physical activity" in International Class 41 and "web site services featuring information in the fields of nutrition, health, diet, weight control and wellness; web site services featuring personalized and interactive self-help, information and guidance in the fields of nutrition, health, weight control and wellness" in International Class 44. (hereinafter, the '502 Mark). The '502 Mark is now valid, subsisting, uncancelled, incontestable under 15 U.S.C. §1115(b), and unrevoked.

15.  The '502 Mark has been continuously used in commerce since on or about March 2000 in connection with and to identify Plaintiff's services enumerated above and to distinguish said services from similar services offered by other companies, by, and without limitation, prominently displaying THE DIET DETECTIVE on said services provided nationwide.

16.  Plaintiff is the owner of United States Trademark Registration No. 2,285,108, registered on March 30, 2004, for THE DIET DETECTIVE for "syndicated columns in the fields of health, fitness and nutrition" in International Class 16. (hereinafter, the '108 Mark). The '108 Mark is now valid, subsisting, uncancelled, incontestable under 15 U.S.C. §1115(b), and unrevoked.

17.  The '108 Mark has been continuously used in commerce since on or about July 2002 in connection with and to identify Plaintiff's goods enumerated above and to distinguish said goods from similar goods offered by other companies by, and without limitation, prominently displaying THE DIET DETECTIVE on said goods provided nationwide.

18.  Plaintiff is the owner of United States Trademark Registration No. 3,424,589, registered

6

on May 6, 2008, for THE DIET DETECTIVE'S for "non-fiction books in the fields of health, fitness and nutrition" in International Class 16. (hereinafter, the '589 Mark). The '589 Mark is now valid, subsisting, uncancelled, incontestable under 15 U.S.C. §1115(b), and unrevoked.

19.   The '589 Mark has been continuously used in commerce since on or about December 2006 in connection with and to identify Plaintiff's goods enumerated above and to distinguish said goods from similar goods offered by other companies, by, and without limitation, prominently displaying THE DIET DETECTIVE'S on said goods provided nationwide.

20.   Plaintiff is the owner of United States Trademark Registration No. 4,422,271, registered on October 22, 2013, for THE DIET DETECTIVE for "audio and audiovisual recordings in the fields of health, fitness and nutrition" in International Class 9 and "radio programs in the fields of health, fitness and nutrition; television programs in the fields of health, fitness and nutrition; informational television spots in the fields of health, fitness and nutrition" in International Class 41. (hereinafter, the '271 Mark). The '271 Mark is now valid, subsisting, uncancelled, and unrevoked.

21.   The '271 Mark has been continuously used in commerce since on or about July 2013 in connection with and to identify Plaintiff's goods enumerated above and to distinguish said goods from similar goods offered by other companies, by, and without limitation, prominently displaying THE DIET DETECTIVE on said goods provided nationwide. The '271 Mark is now valid, subsisting, uncancelled, and unrevoked.

22.   The '502 Mark, '108 Mark, '589 Mark, and '271 Mark are collectively referred to as

"Plaintiff's Marks." True and accurate copies of the registration certificates, acceptance of Lanham Act Sections 8, 9, and 15, if applicable, of Plaintiff's Marks are attached hereto as **Exhibit A**.

23.   As a result of Plaintiff's widespread, continuous and exclusive use of Plaintiff's Marks to identify its syndicated columns in the fields of health, fitness and nutrition, web site services featuring information in the fields of fitness and physical activity, and web site services featuring information in the fields of nutrition, health, diet, weight control and wellness and Plaintiff as its source,  Plaintiff owns valid and subsisting federal statutory and common law rights in Plaintiff's Marks.

24.   Plaintiff offers its goods and services under Plaintiff's Marks to consumers seeking health, fitness, nutrition, weight control, and wellness information.

25.   Plaintiff's Marks are featured on a syndicated health, nutrition and fitness column in more than 100 daily newspapers and media outlets throughout the United States. Plaintiff's Marks are also featured on the website DietDetective.com, which offers more than 500 articles and interviews on nutrition, food, and fitness. Plaintiff's Marks, along with Plaintiff, have received significant unsolicited coverage in various media outlets, including television, newspapers, and magazines, the Plaintiff's Marks and Plaintiff have been featured in numerous media outlets, including USA Today, the Los Angeles Times, the Chicago Tribune, Oprah, Time, Newsweek, Ladies Home Journal, Men's Health, Shape, Self and Fitness. He has also appeared on NBC's The Today Show, ABC News Nightline, National Public Radio, CNN, CNBC, CBS's The Early Show, the BBC, and others As such, Plaintiff's Marks are

famous marks and had become famous prior to Defendant's first unauthorized use of DIET DETECTIVE.

26.  Plaintiff owns the copyright in and to the columns he writes and distributes under the registered trademark THE DIET DETECTIVE, as well as the books, internet-distributed content and articles that he writes and distributes under the registered trademarks THE DIET DETECTIVE.

### *Defendant's Infringement of Plaintiff's Marks*

27.  Upon information and belief, the Goop Website's stated purpose is to distribute knowledge of expert contributors and tastemakers, and it provides limited edition collections of products curated by the site producers as well as recipes and food- and nutrition-related items. Its newsletters contain factual content and information and it is not generally seen as a resource for expressive content.

28.  Defendant has never received or been provided with a license, assignment, or any other permission, express or implied, to use any of Plaintiff's Marks, nor has Defendant received any permissions to distribute, show, copy or make any other use of any content written by Plaintiff.

29.  Upon information and belief, on or about July 18, 2014, Defendant and its designees used the trademarked phrase DIET DETECTIVE without license or permission of Plaintiff in the subject line of its weekly email newsletter blast, and also included DIET DETECTIVE on the Goop Website in tandem with e-commerce content, in connection with syndicated columns services in the fields of health, fitness and nutrition and web site services featuring

information in the fields of nutrition, health, diet, weight control and wellness, as if it was a new section or piece of curated or editorial content, and as if the mark were a mark of the Goop Website, which it was and is not. True and accurate copies of Defendant's weekly email newsletter, the Goop Website using the trademarked phrase DIET DETECTIVE, and article using the trademarked phrase DIET DETECTIVE are attached as **Exhibit B**.

30.   Upon information and belief, Defendant's use of the trademarked phrase DIET DETECTIVE in connection with syndicated columns services in the fields of health, fitness and nutrition and web site services featuring information in the fields of nutrition, health, diet, weight control to target consumers that are seeking wellness seeking health, fitness, nutrition, weight control, and wellness information. As such, Defendant's goods and services and competitive with Plaintiff's goods and services offered with Plaintiff's Marks.

31.   Upon information and belief, on or about July 17, 2014, Defendant shared and distributed content including the infringing mark DIET DETECTIVE on and via Facebook. Said content included the following: "Today on goop: Diet Detective | Nutritionist Kelly Dorfman takes the mystery out of what might be plaguing our systems-and presents a program for picky eaters. Read it now > http://bit.ly/UenmmH." A true and accurate copy of the Facebook post shared and distributed by Defendant is attached hereto as **Exhibit C**.

32.   On or about July 18, 2014, a third party brought to the attention of Plaintiff the fact that the Defendant's newsletter and the Goop Website suddenly included Plaintiff's Marks in a manner that made the third party believe that Defendant had written about Plaintiff and/or his work in the fields of nutrition and health (the "July 18 Content"). Attached as **Exhibit D** are

true and accurate copies of third parties using DIET DETECTIVE on social media outlets, including Twitter, Facebook, and Instagram, to identify the services provided on the Goop Website and the email from a third party bringing to Plaintiff's attention Defendant's infringement.

33.   Plaintiff immediately requested that said infringing usage be removed from the Goop Website and that the usage of his trademark THE DIET DETECTIVE permanently cease and desist absent a license from him; while said mark was removed, the infringement had already taken place, and Defendant advised Plaintiff that Defendant's usage of Plaintiff's Marks as a trademark and without Plaintiff's permission was protected and allowed by the "First Amendment."

34.   On or about July 21, 2014, Plaintiff requested reasonable reimbursement for the value of the infringed-upon trademark via email and in telephone conversations with individuals representing Defendant. Plaintiff, in return, offered Defendant a general release so long as Defendant remove any references to the term DIET DETECTIVE from the Goop Website, Twitter, and any other social media sites owned or operated by Defendant. These requests were all ignored and/or dismissed by Defendant, and as evidenced by the further distribution of infringing content by Defendant, Plaintiff reasonably believes that additional damages are warranted, given that after receiving notice that Defendant was infringing on Plaintiff's Marks, Defendant continued said infringement.

35.   Upon information and belief, on July 19, 2014, a search using the Bing search engine for the phrase "DIET DETECTIVE" lists the original title used by Defendant in July 2014, which

contained its infringing use of the "DIET DETECTIVE" mark, and links to the Goop Website, on the page of search results. A true and accurate screenshot of the Bing search is attached hereto as **Exhibit E**.

36.  Upon information and belief, on July 24, 2014, the article which used DIET DETECTIVE continued to use DIET DETECTIVE on the title header of the website to identify the Defendant's services. Upon information and belief, on August 5, 2014, the words "DIET DETECTIVE" were still visible on the Goop Website. Upon information and belief, on August 18, 2014 a search using the Google search engine for the phrase "DIET DETECTIVE" lists the modified title created by Defendant which still uses "DIET DETECTIVE" in the website title.  Attached as **Exhibit F** are true and accurate screenshots of the July 24, 2014 article showing the title header using DIET DETECTIVE, the August 5, 2014 screenshot of the Goop Website, and the August 18, 2014 Google search.

37.  Upon information and belief, on August 18, 2014, the Goop Website article which used DIET DETECTIVE to identify Defendant's services, but was subsequently modified by Defendant, continues to use DIET DETECTIVE in the meta tags and title within in the source code of the Goop Website webpage "http://www.goop.com/journal/do/293/demystifying-the-diet/". A true and accurate copy of the Goop Website's source code as of August 18, 2014, lines 1-35 and lines 1138 to 1172, is attached hereto as **Exhibit G.**

## <u>COUNT I</u>
### TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. §1114

38.  Plaintiff repeats and realleges all prior allegations.

12

39.  Plaintiff is the exclusive owner of the distinctive mark THE DIET DETECTIVE and Plaintiff's Marks.

40.  Plaintiff's Marks and Plaintiff's THE DIET DETECTIVE marks are inherently distinctive and has been in use in commerce across many different types of media.

41.  Plaintiff's Marks and Plaintiff's THE DIET DETECTIVE marks are strong, famous, and well-known, and have garnered widespread publicity and public recognition in New York and elsewhere worldwide.

42.  Plaintiff's Marks, which are valid, subsisting, and uncancelled are inherently distinctive and strong due to extensive and exclusive use in commerce by Plaintiff with Plaintiff's goods and services for many years prior to Defendant unauthorized use. Furthermore, Plaintiff's '502 Mark, '108 Mark, and '589 Mark are incontestable under 15 U.S.C. §1115(b).

43.  Based on Plaintiff's use, publishing, advertising, marketing and popularity of Plaintiff's Marks, the marks have acquired secondary meaning so that the public associates Plaintiff's Marks and THE DIET DETECTIVE with Plaintiff's goods and services.

44.  Defendant's unauthorized and willful use in commerce of DIET DETECTIVE with goods and services that are competitive and similar to or identical with the goods and services offered in commerce by Plaintiff using Plaintiff's Marks is likely to cause confusion, mistake or deception with Plaintiff's Marks and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

45.   Defendant's unauthorized and willful use in commerce of DIET DETECTIVE is similar to or identical in appearance to Plaintiff's Marks as described herein is likely to cause confusion, mistake or deception with Plaintiff's Marks and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

46.   Upon information and belief, Defendant's use of DIET DETECTIVE in connection with the services has been made notwithstanding Plaintiff's well-known and prior establish rights in Plaintiff's Marks and with both actual and constructive notice of Plaintiff's Marks federal registration rights under 15 U.S.C. §1072.

47.   Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable harm and injury to Plaintiff, and to Plaintiff's reputation and good will in Plaintiff's Marks. While Defendant has removed Plaintiff's Mark from the Goop Website at the present time, Defendant has repeatedly insisted to Plaintiff that it can infringe on Plaintiff's registered trademark because of Defendant's mistaken belief that that such infringing usage is permitted by the First Amendment.  Plaintiff has no adequate remedy at law.

48.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II**

**FEDERAL TRADEMARK DILUTION UNDER LANHAM ACT 15 U.S.C. §1125(C)**

49.   Plaintiff repeats and realleges all prior allegations.

50.   Due to Plaintiff's exclusive and extensive use of Plaintiff's Marks, Plaintiff's Marks are famous marks and had become famous prior to Defendant first unauthorized use in commerce of DIET DETECTIVE in connection with syndicated columns in the fields of health, fitness and nutrition and web site services featuring information in the fields of nutrition, health, diet, weight control and wellness.

51.   Defendant's unauthorized use of DIET DETECTIVE in connection with syndicated columns in the fields of health, fitness and nutrition and web site services featuring information in the fields of nutrition, health, diet, weight control and wellness are likely to dilute and blur the distinctive quality of Plaintiff's Marks and Plaintiffs' reputation as an independent journalist, public health advocate, writer and blogger, by using Plaintiff's Marks in an unsavory context in a manner that may serve to create negative public opinion.

52.   Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable harm and injury to Plaintiff, and to Plaintiff's reputation and good will in Plaintiff's Marks. While Defendant has removed Plaintiff's trademark from its website at the present time, Defendant has repeatedly insisted to Plaintiff that it can infringe on Plaintiff's registered trademark because of mistaken belief that Defendant have that such infringing usage is permitted by the First Amendment  Plaintiff has no adequate remedy at law.

## COUNT III

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(A)

53. Plaintiff repeats and realleges all prior allegations.

54. Defendant has and may continue to use DIET DETECTIVE in connection with syndicated columns in the fields of health, fitness and nutrition and website services featuring information in the fields of nutrition, health, diet, weight control and wellness in interstate commerce. Said use of DIET DETECTIVE is a false designation of origin, a false or misleading description and representation of fact is likely to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, source, sponsorship, affiliation, or approval of Defendant, the Goop Website, and Defendant's goods/services and commercial activities by Plaintiff.

55. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

56. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable harm and injury to Plaintiff, and to Plaintiff's reputation and good will in Plaintiff's Marks. While Defendant has removed Plaintiff's trademark from it's the Goop Website at the present time, Defendant has repeatedly insisted to Plaintiff that it can infringe on Plaintiff's registered trademark because of Defendant's mistaken belief that Defendant has that such infringing usage is permitted by the First Amendment. Plaintiff has no adequate remedy at law.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

16

damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV

### UNFAIR BUSINESS PRACTICES UNDER N.Y. GEN. BUS. LAW §349

58.  Plaintiff repeats and realleges all prior allegations.

59.  Defendant's use of DIET DETECTIVE to promote, market, or sell products and services, including Defendant's Goop Website, constitutes a deceptive act or practice in the conduct of Defendant's business, trade, or commerce, and in the furnishing of services to consumers and therefore a violation of N.Y. Gen. Bus. Law. §349 *et seq*.

60.  Defendant, through its content and conduct, are causing a likelihood of confusion as to the source, sponsorship, affiliation, connection, association or approval of Defendant by or with Plaintiff.

61.  Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and his goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

62.  Defendant's materially misleading practice of using DIET DETECTIVE to identify goods and services provided by Defendant is likely to cause the consuming public at large to be misled as to the true source, sponsorship, or affiliation of the goods and services offered by

Defendant and is likely to cause confusion or mistake or to deceive.

63.   Plaintiff is entitled to monetary damages in an amount to be proven at trial and injunctive relief prohibiting Defendant from using DIET DETECTIVE or any other trade name, trademark, service mark or domain name that is likely to be confused with Plaintiff's Marks or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with Plaintiff's Marks.  No amount of money damages can adequately compensate Plaintiff if it suffers damage to its reputation and associated goodwill through the false and unauthorized use by Defendant of its marks containing substantially all of Plaintiff's Marks.

## COUNT V
## TRADEMARK INFRINGEMENT UNDER N.Y. GEN. BUS. LAW §360, *et seq.*

64.   Plaintiff repeats and realleges all prior allegations.

65.   Defendant's use of the DIET DETECTIVE as described herein constitutes trademark infringement under New York common and/or statutory law N.Y. Gen. Bus. Law. §§360-k and 360-o.

66.   Upon information and belief, Defendant's acts were done with knowledge of their violations of law and/or done in bad faith or done under circumstances where treble damages and attorneys' fees should be awarded to Plaintiff.

67.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

damages, Defendant's profits, enhanced damages and profits, treble damages, reasonable attorneys' fees, and any other remedy provide under N.Y. Gen. Bus. Law §360-m and costs of the action together with prejudgment and post-judgment interest.

## COUNT VI

### INJURY TO BUSINESS REPUTATION AND UNFAIR COMPETITION UNDER N.Y. GEN. BUS. §360-L

68.  Plaintiff repeats and realleges all prior allegations.

69.  By making unauthorized use in commerce of substantially all of Plaintiff's Marks on similar or identical goods and services, Defendant's unauthorized use of DIET DETECTIVE to identify Defendant's goods and services is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the sponsorship or approval of Defendant's goods or services by Plaintiff.

70.  Defendant's distributing, marketing, advertising, offering for sale and selling of its goods and services under the DIET DETECTIVE trademark causes confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high quality reputation, and improperly appropriates to Defendant the valuable goodwill of Plaintiff.

71.  The aforesaid conduct by Defendant constitutes a likelihood of injury to the business reputation of Plaintiff in violation of N.Y. Gen. Bus. Law. §360-l.

72.  Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue and is not enjoined, Plaintiff and his goodwill and reputation will continue to suffer immediate, substantial,

ongoing and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**COUNT VII**

**DILUTION OF TRADEMARK UNDER N.Y. GEN. BUS. LAW. §360-L**

73.  Plaintiff repeats and realleges all prior allegations.

74.  Due to Plaintiff's exclusive and extensive use of Plaintiff's Marks, Plaintiff's Marks are famous marks and had become famous prior to Defendant first unauthorized use in commerce of DIET DETECTIVE in connection with syndicated columns in the fields of health, fitness and nutrition and web site services featuring information in the fields of nutrition, health, diet, weight control and wellness.

75.  Defendant's use of the DIET DETECTIVE in the marketing, advertising, offering for sale and selling of its goods and services constitutes commercial use in commerce of Plaintiff's Marks.  Plaintiff has not authorized or licensed this use.

76.  Defendant's use of Plaintiff's Marks and DIET DETECTIVE in the marketing, advertising, offering for sale and selling of its services, goods and content actually dilutes, or is likely to dilute, the distinctive quality of Plaintiff's Marks, and to lessen the capacity of Plaintiff's Marks to identify and distinguish Plaintiff's goods and services.

77.  Defendant's unlawful use of Plaintiff's Marks and DIET DETECTIVE causes blurring in the minds of the consumers between Plaintiff and Defendant, thereby lessening the value of Plaintiff's Marks as a unique identifier of Plaintiff's services and goods.

78.  By the acts described above, Defendant has intentionally and willfully diluted the distinctive quality of Plaintiff's Marks in violation of N.Y. GEN. BUS. LAW. §360-L.

79.  Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial, ongoing and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT VIII
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

80.  Plaintiff repeats and realleges all prior allegations.

81.  In addition to the federal registrations owned by Plaintiff for Plaintiff's Marks, Plaintiff owns and uses Plaintiff's Marks and enjoys common law rights in the State of New York and throughout the United States. Defendant's activities as stated herein constitute unfair competition and trademark infringement of Plaintiff's common law trademark rights in Plaintiff's Marks within the State of New York and in violation of New York law.

82.  Defendant's conduct alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its good will and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

83.  Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

damages, Defendant's profits, enhanced damages and profits, if applicable, reasonable

attorney's fees, if applicable, and costs of the action together with prejudgment and post-

judgment interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Order a permanent and preliminary injunction enjoining Defendant, their agents,

   employees, representatives, attorneys, successors, assigns and contractors, and all persons,

   firms or entities acting under their direction, authority and/or control, and all persons

   acting directly or indirectly in concert or participation with any of them from:

   a. Using, in commerce, the trademark THE DIET DETECTIVE or the trademark THE

      DIET DETECTIVE'S or any other designation confusingly or deceptively similar

      thereto, in connection with the distribution, display, sale, promotion, copying,

      license, or other use of any goods or services;

   b. Diluting the distinctiveness of Plaintiff's Marks, Plaintiff's trademark THE DIET

      DETECTIVE or the trademark THE DIET DETECTIVE'S; and

   c. Engaging in unfair competition with regard to Plaintiff's Marks, Plaintiff's THE

      DIET DETECTIVE trademark or the trademark THE DIET DETECTIVE'S.

2. Order an award in an amount to be determined at trial of any actual damages and all profits

   and damages to Plaintiff pursuant to Defendant's infringement of Plaintiff's Marks,

   Plaintiff's trademarks THE DIET DETECTIVE and THE DIET DETECTIVE'S,

3. Order an award of treble damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §

   1117 and N.Y. Gen. Bus. Law §360m;

4. Order an award of attorney's fees and costs as provided by Section 35 of the Lanham Act,

15 U.S.C. §1117 and N.Y. Gen. Bus. Law §360m.

5.  Grant such other or further relief as the Court deems just an proper

## DEMAND FOR JURY TRIAL

Plaintiff, requests a trial by jury in the above captioned matter, as provided by Rule 38 of

the Federal Rules of Civil Procedure.

Respectfully submitted,

**W.R. SAMUELS LAW PLLC**

Dated: New York, New York
August 20, 2014

By:

William R. Samuels (WS3063)
280 Madison Avenue, Suite 600
New York, NY 10016
(212)-206-9399
bill@wrsamuelslaw.com
*Attorney for Plaintiff*
*Charles S. Platkin*